## In re DI GATE READY–MIX CORP., Debtor.

### Bankruptcy No. 882–82101.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Oct. 22, 1985.

Macco, Hackeling & O'Shea, Melville, N.Y., Trustee of Harvey Katz Estate.

Jules V. Speciner, Great Neck, N.Y., for Trustee of Di Gate Ready-Mix Corp.

### DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard on the motion of the trustee of the bankruptcy estate of Harvey Katz for an order allowing a late filed proof of claim against the debtor to be treated as a timely filed proof of claim. Such relief would give the Katz estate a larger share of the distribution of

the debtor's property. The court finds that since the Katz trustee has not proven that the Katz estate did not have notice of the Di Gate Ready-Mix Concrete Corp. (Di Gate) bankruptcy, his motion must be denied.

### FACTS

The facts in this case have been stipulated as follows:

1. On or about October 9, 1984 a notice was sent to Harvey Katz stating that the last day to file proofs of claim in this converted chapter 11 proceeding was February 5, 1985.

2. The claimant, C. Steven Hackeling, was elected trustee of the estate of Harvey Katz after entry of an involuntary Order of Relief at the initial meeting of creditors held on March 4, 1985.

3. Immediately after election as Trustee, the claimant examined Mr. Katz and learned of a $9000 claim listed by Mr. Katz in the debtor's chapter 11 schedules, and filed a claim the same day, March 4, 1985.

### DISCUSSION

The issue in this case is whether the creditor/trustee had notice or knowledge of the Di Gate case so that it could file a proof of claim.

Bankruptcy § 726(a) provides as follows: property of the estate shall be distributed

(2) Second, in payment of any allowed secured claims ... proof of which is

(A) Timely filed under section 501(a) of this title;

(B) Timely filed under section 501(b) or 501(c) of this title, or

(C) Tardily filed under section 501(a) of this title, if—

(i) The creditor holding such claim did not have notice or actual knowledge of this case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) Proof of such claim is filed in time to permit payment of such claim.

Pursuant to § 726(a)(2)(C)(i), trustee Hackeling argues that since he had no timely notice or knowledge of the claim of the Katz estate, the estate's claim should be considered a timely filed claim rather than a tardily filed claim. Unfortunately for the Harvey Katz estate, the stipulated facts reveal that a timely notice of claim was sent to Harvey Katz before Mr. Hackeling was appointed trustee of the Katz bankruptcy estate. Accordingly, proper notice was given to the creditor whom Mr. Hackeling has displaced. The fact that Mr. Hackeling was substituted in the later innings of this case, does not negate the errors committed before he entered the game. Similarly, no error can be charged against him for not filing the claim on time.

11 U.S.C. § 704(1) requires that the trustee of a bankruptcy estate collect and reduce to cash the property of the estate. At the time Mr. Hackeling was appointed, the property of the estate did not include a timely filed claim, because the time for filing had past. Thus, the property of the estate includes only a tardily filed claim against Di Gate Ready-Mix Corp. Therefore, the motion of the trustee of the Harvey Katz estate is denied.

SO ORDERED.